

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ARBY'S INC.,
      Plaintiff,

- v -                                                                             97-CV-0845

B & R MANAGEMENT & LEASING CORP.,
BRADLEY A. JONES, MARY JEAN JONES,
RAYMOND M. JONES and EVELYN H. JONES
      Defendants.

APPEARANCES
Leboeuf, Lamb, Greene & MacRae, LLP
Frederick B. Galt, Esq., of counsel
Michael Peters, Esq., of counsel
One Commerce Plaza, Suite 2020
99 Washington Avenue
Albany, New York 12210-2820
Attorneys for Plaintiff

Thomas F. O'Brien, Esq.
Andrew LaLonde, Esq.
9 East Park Row
Clinton, New York 13323
Attorneys for Defendants

**Norman A. Mordue, D.J.:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Defendants move for reconsideration of the Court's decision, dated November 2, 2001, holding that Arby's is entitled to a preliminary injunction. Plaintiff moves to dismiss the affirmative defenses and counterclaims set forth in the amended answer.

### DEFENDANTS' RECONSIDERATION MOTION

The Court assumes familiarity with the extensive history of this case, which is set out in the Court's November 2, 2001 decision herein. Defendants move for reconsideration under Local Rule 7.1(g) of the Court's decision of November 2, 2001, which held that plaintiff is

entitled to a preliminary injunction enjoining defendants from making false and misleading representations to the public as to defendants' association with Arby's or as to Arby's approval of defendants' goods, services or commercial activities, by operating its franchise restaurants or selling, advertising or promoting any product or service bearing Arby's trademarks or service marks, or any imitation thereof.

It is within the plenary power of the court to reconsider its interlocutory orders to afford such relief from them as justice requires. *See Wanamaker v. Columbian Rope Co.*, 907 F. Supp. 522, 526-527 (N.D.N.Y. 1995), *aff'd* 108 F.3d 462 (2d Cir. 1997). Local Rule 7.1(g) implements this power. The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See U.S. v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000).

On this motion, defendants appear to argue that reconsideration is warranted to correct a clear error. The Court has already considered and rejected their argument that – as a result of defendants' conduct in ceasing to operate Arby's franchises – plaintiff has not shown that it is subject to irreparable harm in the absence of a preliminary injunction. Defendants raise nothing new with respect to this issue, and the Court perceives no reason to reconsider it.

In challenging the Court's November 2, 2001 decision, defendants raise arguments pertaining to the issue of *res judicata* (claim preclusion). These arguments are irrelevant inasmuch as this Court based its discussion not on *res judicata* but on a distinct doctrine, collateral estoppel (issue preclusion). "Collateral estoppel ... means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir.1999) (citation omitted). As the Second Circuit explains: "Collateral

estoppel applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Epperson v. Entertainment Express, Inc.*, 242 F.3d 100, 108 (2d Cir. 2001) (citation and internal quotation marks omitted).

In its November 2, 2001 decision, this Court accorded collateral estoppel effect to findings by the Appellate Division, Fourth Department, that B&R had breached the franchise agreements, that B&R had failed to cure its breaches despite opportunity to do so under the agreements, and that therefore Arby's had properly and effectively terminated the franchise agreements. *See B&R Mgt. & Leasing Corp. v. Triarc Restaurant Group, Arby's Inc.*, 703 N.Y.S.2d 635, 636 (4th Dep't 2000).[1] The Court determined that these findings supported a determination that plaintiff had carried its burden of demonstrating a great likelihood of success by a clear and substantial showing and thus supported the award of a preliminary injunction. Defendants' arguments on this motion present no valid reason to reconsider this

---

[1]
The Fourth Department, rejecting B&R's complaint alleging that Arby's breached the franchise agreements when it terminated the four franchises, held in part:
> [T]he allegations of the complaint are refuted by the language of the franchise and license agreements. Contrary to plaintiff's allegations, those agreements require plaintiff to spend at least 3% of its monthly gross sales for advertising and to contribute a designated portion of that sum to the advertising cooperative established in the local market encompassing its franchises. Further, the agreements allow plaintiff only 10 days, not 30, within which to cure any default in paying its advertising dues. In any event, defendant gave plaintiff 48 days within which to cure a default. Defendant sent its "Notice of Impending Termination" on April 18, 1997 and its "Notice of Termination" on June 5, 1997. Thus, the complaint must be dismissed for failure to state a cause of action. The factual allegations in the complaint are refuted by documentary evidence.

*B&R Mgt. & Leasing Corp. v. Triarc Restaurant Group, Arby's Inc.*, 703 N.Y.S.2d 635, 636 (4th Dep't 2000) (citations omitted).

determination. Defendants' submissions do not support reconsideration on any ground. Accordingly, reconsideration is denied.

### PLAINTIFF'S MOTION TO DISMISS AFFIRMATIVE DEFENSES AND COUNTERCLAIMS IN AMENDED ANSWER

Plaintiff moves to dismiss the affirmative defenses and counterclaims in the amended answer. In addressing such a motion under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all material facts alleged in the answer and counterclaims and construes them in the light most favorable to defendants. *See McEvoy v. Spencer*, 124 F.3d 92, 95 (2d Cir. 1997). Dismissal is proper only where it appears beyond doubt that defendants can prove no set of facts in support of their claims which would entitle them to relief. *See Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994). Defendants have submitted no opposition to this motion. Plaintiff's affidavit of service shows service of the motion by mail on defendants' counsel on October 23, 2001.

The complaint in this dispute between plaintiff, franchisor, and B&R, franchisee, sets forth causes of action for federal trademark infringement in violation of 15 U.S.C. § 1114, federal unfair competition under 15 U.S.C. § 1125(a), and breach of the franchise agreements, trademark infringement and trademark dilution under New York law. Defendants' amended answer interposed affirmative defenses and counterclaims, many of which are based on the franchise agreements. Plaintiff moves to dismiss the affirmative defenses and counterclaims, primarily on the ground that they are barred by operation of collateral estoppel or *res judicata* arising from the prior state court litigation involving the franchise agreements. *See B&R Mgt.*, 703 N.Y.S.2d at 636.

The Court has federal question and supplemental jurisdiction, *see* 28 U.S.C. §§ 1331, 1338, 1367; thus, the affirmative defenses alleging lack of federal subject matter jurisdiction

are dismissed (Amended Answer, paras. 11-14). There is no basis to dismiss the affirmative defenses alleging lack of personal liability on the part of the individual defendants and failure to state a claim against them (Amended Answer, paras. 15-23). Dismissal of these affirmative defenses is denied.

As noted above, in its November 2, 2001 decision, this Court accorded collateral estoppel effect to findings by the Fourth Department that B&R had breached the franchise agreements, that B&R had failed to cure its breaches despite opportunity to do so under the agreements, and that therefore Arby's had properly and effectively terminated the franchise agreements. *See B&R Mgt.*, 703 N.Y.S.2d at 636. These factual determinations conclusively preclude the affirmative defenses alleging B&R's full compliance with the franchise agreements (Amended Answer, paras. 24-39). These affirmative defenses are dismissed.

The first four counterclaims, alleging plaintiff's breach of the express and implied covenants of the franchise agreements (Amended Answer, paras. 45-64), are conclusively determined by application of the doctrine of collateral estoppel to the findings of the Fourth Department. Accordingly, they are dismissed.

The fifth counterclaim, claiming that in June 2001, plaintiff "knowingly, willfully, maliciously, wrongfully and with intent to injure B&R, interfered with B&R's prospective sales of the franchised restaurants to third parties," appears to arise from events occurring subsequent to and distinct from those on which the Fourth Department decision, handed down on February 16, 2000, was based. Thus, neither collateral estoppel nor *res judicata* apply to this claim. Under New York law, to state a claim for intentional interference with a precontractual business relationship or intentional interference with prospective economic advantage, a party must allege that the interference was "effected by unlawful means or,

-5-

under the theory of *prima facie* tort, by lawful means without justification." *Mandelblatt v. Devon Stores*, 521 N.Y.S.2d 672, 676 (1st Dep't 1987); *accord NBT Bancorp v. Fleet/Norstar Fin. Group*, 87 N.Y.2d 614, 620 (1996); *Guard-Life Corp. v. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 191, 193-94 (1980); *see generally Lennon v. Seaman*, 63 F.Supp.2d 428, 433-34 (S.D.N.Y. 1999); *Mina Investment Holdings Ltd. v. Lefkowitz*, 184 F.R.D. 245, 253-54 (S.D.N.Y. 1999). *Prima facie* tort is the intentional infliction of harm, without excuse and solely motivated by malice.[2] *See Mandelblatt*, 521 N.Y.S.2d at 676 (citing *Freihofer v. Hearst Corp.*, 65 NY2d 135, 142-143 (1985)). The fifth counterclaim is adequate on its face to state a claim for intentional interference with a precontractual business relationship or prospective economic advantage through means which constitute a *prima facie* tort.

There is no sixth counterclaim. The seventh counterclaim sets forth a cause of action for violation of the Donnelly Act, N.Y. Gen. Bus. Law § 340(1). The Donnelly Act is directed at conduct which restrains trade and can be invoked as a defense to enforcement of a contract with anticompetitive effects. *See X.L.O. Concrete Corp. v. Rivergate Corp.*, 83 N.Y.2d 513 (1994). The Court agrees with plaintiff that defendants are barred by the Fourth Department decision from pursuing any claim challenging the enforceability of the franchise agreements themselves; plaintiff's right to enforce those agreements has already been determined. However, to the extent that the seventh counterclaim is based on subsequently occurring events, such as B&R's efforts to sell the restaurants, it cannot be said that it appears

---

[2] While a party must allege special damages to plead an independent cause of action for *prima facie* tort, "no allegation of special damages is required to make out a claim for intentional interference with precontractual relations or prospective economic advantage for, in such a case, the measure of damages is the loss suffered by the plaintiff, including the opportunities for profits on business diverted from it." *Mandelblatt v. Devon Stores*, 521 N.Y.S.2d 672, 676 (1st Dep't 1987) (citations and internal quotation marks omitted).

beyond doubt that defendants can prove no set of facts in support of their claim which would entitle them to relief.

## CONCLUSION

It is therefore

ORDERED that defendants' motion for reconsideration is denied; and it is further

ORDERED that plaintiff's motion to dismiss the affirmative defenses and counterclaims in the amended answer is denied with respect to the affirmative defenses alleging lack of personal liability on the part of the individual defendants and failure to state a claim against them (Amended Answer, paras. 15-23), and the fifth and seventh counterclaims (Amended Answer, paras. 65-77), in accordance with the decision herein, and otherwise granted; and it is further

ORDERED that the following affirmative defenses and counterclaims are dismissed: the affirmative defenses alleging lack of jurisdiction (Amended Answer, paras. 11-14); the affirmative defenses alleging B&R's compliance with the franchise agreements (Amended Answer, paras. 24-39); and the first four counterclaims, alleging plaintiff's breach of the franchise agreements (Amended Answer, paras. 45-64).

IT IS SO ORDERED.

April 15, 2002
Syracuse, New York

Hon. Norman A. Mordue
United States District Judge